UNITED STATES DISTRICT COURT
for the DISTRICT OF COLUMBIA

FILED

NOV 1 4 2005

NANCY MAYER WHITTINGTON, CLERK
U.S. DISTRICT COURT

ANTONIO MURRAY )   Date Filed:
Petitioner, pro se )   Case No:
DCDC# 276388 )
CCA-CTF )
1901 E Street, SE )
Washington, D.C. 20003 )

v.

United States Parole Commission )
5550 Friendship Boulevard )
Chevy Chase, MD 20815, )
Respondent )

and )

ALBERTO R. GONZALEZ, )
U.S. Attorney General )
United States Department of Justice )
950 Pennsylvania Avenue, NW )
Washington, DC 20530, )
Respondent )

and

FRED. E. FIGUEROA, Warden )
CCA-CTF )
1901 E Street, SE )
Washington, DC 20003, )
Respondent )

CASE NUMBER  1:05CV02220
JUDGE: Henry H. Kennedy
DECK TYPE: Habeas Corpus/2255
DATE STAMP: 11/14/2005

Petition for WRIT of HABEAS CORPUS
Pursuant to Title 28 U.S.C. §2241 and §2243

To the Honorable Justice/Magistrate of the United
States District Court for the District of Columbia:

1

ANTONIO MURRAY,
Petitioner, pro se

COMES NOW Petitioner, ANTONIO MURRAY, a D.C. Code offender, who is presently incarcerated at CCA-CTF, an institution whose address is 1901 E Street, Washington, D.C., 20003, by order of the United States Parole Commission, (Respondent) and in custody of the United States Attorney General, Alberto R. Gonzalez, (Respondent) and the custodial supervision of Fred E. Figueroa, Warden, Central Treatment Facility, (Respondent) under the authority of 28 U.S.C. Sections 2241 and 2243, and FRCP 81(a)(2), respectfully requests that this Court grant his petition for Writ of Habeas Corpus; ordering the United States Parole Commission (Respondent) to respond; and show CAUSE why petitioner should remain unlawfully incarcerated; and be subject to parole revocation proceedings. Petitioner, ANTONIO MURRAY, in support of this petition, offers the foregoing Statement of Facts, Exhibits, and Memorandum of Legal Arguments, and prays that this court will accept this filing and give immediate attention and consideration; and grant the relief requested. Petitioner makes this request in good faith, and avers that he has not previously filed a Petition for Writ of Habeas Corpus based on this cause of action; and has exhausted all institutional administrative remedies available to him, and is therefore entitled to seek Habeas Corpus relief in this Court.

# STATEMENT OF FACTS

1. Petitioner, ANTONIO MURRAY, a D.C. Code offender, is currently incarcerated at the CCA-CTF, located at 1901 E Street, SE, Washington, D.C. 20003.

2. Petitioner is in the custody of the United States Attorney General, Alberto Gonzalez, and under the custodial supervision of Warden Fred. E. Figueroa, CCA-CTF, by order of the United States Parole Commission.

3. At the time of this filing for Writ of Habeas Corpus, petitioner has been incarcerated <u>unlawfully</u> for <u>129 days</u>, i.e. since his arrest on <u>6/17/05</u>.

4. Petitioner was originally released on parole by the United States Parole Commission, having signed his certificate of parole on <u>5/25/00</u>; petitioner had a full term (end of supervision date) of <u>5/14/04</u>.

5. In May of 2001, (<u>5/01</u>) petitioner stopped reporting to his community supervision officer, <u>Mr. J. EPPS</u>, due to personal problems between petitioner and his CSO. Petitioner requested a new supervision officer on several occasions, but his requests were



denied.

6. Petitioner continued to abide by all conditions of release, including maintaining a stable residence and employment; obeying all laws, and not using controlled substances or alcohol. His only violation was his <u>failure to report</u>, due to mitigating circumstances.

7. CSO J. EPPS submitted a violation(s) report (see attached Exhibit #<u>1</u>) to the U.S. Parole Commission on <u>6/10/03</u>, <u>26 months</u> after the alleged violations occurred. CSO J. EPPS admits having <u>no contact</u> with petitioner since April of 2001. (4/01)

8. The U.S. Parole Commission issues a parole violator warrant for the retaking into custody of petitioner on <u>9/8/03</u>, almost <u>90 days</u> later, and <u>29 months</u> after the alleged violations.

9. The U.S. Marshal Service lodged the parole violator warrant as a 'detainer' on petitioner, who was serving a <u>State</u> sentence in Baltimore City, Maryland, in April 2004, (4/04) <u>3 years</u> after the alleged violations.

10. Petitioner was released to the detainer



warrant, and custody of the U.S. Marshal service, on 6/20/05.

11. Petitioner was transported from D.C. jail (CDF) to U.S. District Court for <u>execution</u> of the warrant the following day, on 6/21/05.

12. The United States Parole Commission held a <u>preliminary hearing</u> in this matter at the D.C. jail on 6/24/05. Probable cause was found due to petitioner's admittance of the alleged violations.

13. An institutional hearing was requested by defendant's <u>counsel</u>, and was granted. Petitioner was unaware of U.S. Parole Commission regulations in re. to adverse witnesses, and cross-examination of same, at an <u>institutional</u> revocation hearing. It was petitioner's intent to confront the parole examiner, J. EPPS, at his revocation hearing, which would <u>not</u> be possible at this type of hearing.

14. According to U.S. Parole Commission guidelines, (2005 edition) and <u>Title 18 U.S.C. §4214</u>, the Commission must afford petitioner an <u>institutional</u> revocation hearing within 90 days of being taken into cus-



tody on a parole violator warrant. (see U.S.P.C. guidelines manual §2.102(e))

15. The United States Parole Commission's opportunity to hold such a hearing <u>expired</u> on or about <u>9/19/05</u>, 90 days <u>after</u> the execution of the warrant.

16. The United States Parole Commission has violated several of petitioners rights in the revocation process; and continue to hold petitioner unlawfully incarcerated.

17. Petitioner has since <u>served</u> 129 days, as of this filing (<u>10/24/05</u>), which must be credited towards service of his parole term, thereby reducing his time remaining.

18. Petitioner has exhausted his administrative remedies by writing letter(s) to the United States Parole Commission; having his family members call; having his case manager contact the Commission by phone and e-mail correspondence; and by writing letters to, and calling the Parole Division of the <u>Public Defender Service</u> for the District of Columbia requesting guidance and assistance.

# MEMORANDUM of LEGAL ARGUMENTS

Parole revocation is the administrative procedure through which a person (Petitioner) who has been released from a prison sentence on parole is retaken into custody, and reincarcerated, for violation(s) of parole. Since parole is a constitutionally protected "liberty interest", due process (5TH and 14TH amendments) requires that a state exercise basic principles and respect rights of fair treatment when it seeks to revoke parole and conduct revocation proceedings. These fundamental rights were first promulgated in the Supreme Court decision of _Morrissey v. Brewer_, 408 U.S. 471 (1982). These procedures were further refined, as a result of extensive prisoner litigation, and upheld by later decisions such as _Long v. Gaines_, 167 F.Supp 2d 75 (D.C. 2001). Cf. _Long v. Gaines_, rem order/judgement 173 F.Supp 2d 35 (D.C. 2001).

Petitioner, ANTONIO MURRAY, in this Petition for WRIT of HABEAS CORPUS, alleges that the United States Parole Commission (Respondent) has violated several of his constitutional rights; and has contravened its' own regulations, practices and procedures in conducting parole revocation proceedings in his case. Petitioner further avers that due to the nature and extent of the U.S.P.C.'s (the Parole Commission ~ Respondent) violations, the _only_ appropriate relief would be to grant Petitioner' WRIT, and enter the proposed ORDER (enclosed) as a final judgement in his case.

Petitioner states that it has been evident, at least for the last 5 years, that the U.S.P.C. continues to act negligently, and without concern for the rights of paroless; he further states that the U.S.P.C. is incapable of following its _own_ regulations, for a myriad of reasons; and is impotent to correct its behavior. Therefore, petitioner looks to this Court for remedial action and relief. "The alarming state of affairs at the Commission is clear to the Court, not only from the evidence submitted by the plaintiffs in this case, but from the Commission's own proposed findings of fact and

ANTONIO MURRAY,
Petitioner, pro se

conclusions of law, submitted to this Court on June 12, 2001." (Long, supra, at 77)

Petitioner avers that the proper vehicle for requesting relief from the U.S.P.C. is a petition for Habeas Corpus, under Title 28 U.S.C. §2241; and that the judicial review of parole decisions lies within the auspices of a federal question, thereby giving the U.S. District Court [for the District of Columbia] jurisdiction, and designated it as the proper venue. Andrino v. United States Parole Commission, 550 F2d 519, 520 (9th Cir. 1977)(per curiam)

"[An agency] is bound by its' own validly promulgated regulations." Abdullah v. Roach, 668 A2d 801, 805 (D.C. 1995). "A regulation has the force and effect of law, much like a statute." Hutchinson v. District of Columbia, 710 A2d 227, 234 (D.C. 1998). "Indeed, it has long been a 'well accepted principle that rules of practice, pleading, procedure and evidence promulgated by an administrative agency [U.S.P.C.~Respondent] under proper legal authorization have the force and effect of law." Teachey v. Carver, 736 A2d 998 (D.C. 1999), quoting Mallory Coal Co v. National Bituminous Coal Commission, 69 App. D.C. 166, 99 F2d 399, at 406 (1938). The U.S.P.C.'s "parole regulations, having been duly promulgated, they are the law, and the Board [Commission] must follow them unless and until they have been rescinded or amended in the manner prescribed by law." (Teachey, supra, at 1003)

As in all the above cases, petitioner asserts that, in attempting to revoke his parole, the U.S.P.C. has repeatedly failed to observe fundamental due process procedures guaranteed to parolees by the U.S. Supreme Court in the Morrissey decision; these include the granting of a preliminary [probable cause] hearing "reasonably near the time and place of any arrest on a parole warrant;" the right to a local revocation hearing within 60 days of having conducted a preliminary hearing; the right to an

ANTONIO MURRAY                    ,
Petitioner, pro se

institutional hearing within 90 days of being retaken into custody on a parole violator warrant, and the right to confront adverse witnesses at such a revocation hearing, unless the hearing examiner/officer specifically finds good cause for not allowing confrontation; among others. Petitioner is only concerned with these rights for the purposes of his petition for WRIT. Petitioner avers in his Statement of Facts that he has been denied an institutional revocation hearing within the 90 days time allowance; furthermore, by not granting petitioner a preliminary hearing, petitioner was precluded from requesting a local revocation hearing, thereby "disqualifying" him from requesting the presence of adverse witnesses for cross examination.

"A revocation hearing must be held within a reasonable time after the parolee's rearrest." United States ex rel. Buono v. Kenton, 287 F.2d 534 (2nd Cir. 1961) "If detention extends beyond a reasonable time, habeas corpus will lie during that period." (Buono, supra, at 536) Cf. Escoe v. Zerbst, 295 U.S. 490, 494, 55 S.Ct. 818 (1939).

"This court finds the lapse of 123 days between the request and the hearing is unreasonable. More than three (3) years have elapsed since the alleged violations. The opportunity to obtain and present contravening evidence appears difficult enough without the added delay here." United States ex. rel. Vance v. Kenton, 252 F.Supp 344 (Conn. 1966).

"Administrative convenience alone cannot justify a parolee's incarceration in suspense for an unreasonable length of time." (Vance, supra, at 346) "Nor is the petitioner's admission of violation(s) an extenuating circumstance which, as the respondent argues, excuses the delay." Id.

"An accused violator, therefore, should be presented within a reasonable time not only to respond to the charges against him, but also to attempt to

ANTONIO MURRAY_____,
Petitioner, pro se

convince the Board that, notwithstanding the violation(s), his parole should be continued under the same, or some other terms and conditions." *United States ex rel. McCreary v. Kenton*, 190 F. Supp. 689, 691 (D. Conn. 1960)

Petitioner, ANTONIO MURRAY_____, like petitioner WILLIAM M. VANCE, ("Vance") has been incarcerated more than the 90 days specified in the U.S.P.C.'s regulations without a revocation hearing, and thus should be entitled to the same relief as petitioner VANCE, i.e. "be discharged from the custody of the Attorney General [Respondent] or his authorized representative..." (*Vance*, supra, at 346)

"Each case must be decided on its' own merits. Relevant considerations necessarily include the 1) time lapse between issuance and execution of the warrant, 2) the efforts of the Board to serve it, and 3) the conduct of the parolee in frustrating service." *United States v. Gernie*, 228 F. Supp. 329, (S.D.N.Y. 1964). Petitioner avers that, under no circumstances, and in no way frustrated service, or evaded the custody of the U.S.P.C. and the Attorney General. He also made several attempts to notify the U.S.P.C. of his incarceration, and, through numerous letters, telephone calls, and the efforts of counsel [Public Defender Service], notify the U.S.P.C. of the prejudicial delay in the revocation proceedings. Petitioner has done everything in his capacity, and has exhausted all his administrative remedies, in attempting to obtain a revocation hearing according to the guidelines and regulations of the U.S.P.C.

"Fairness limits the power of the Board arbitrarily to withhold service of a warrant on a parolee who is under supervision." (*Vance*, supra, at 345)

"It is enough if an inmate "presents an allegation and supporting facts which, if borne out by proof, would entitle him to relief." *Bennet v. Ridley*, 633 A2d 824 (D.C. 1993), quoting *Price v. Johnston*, 334 U.S. 266, at 292, 68 S.Ct. at 1063 Petitioner avers that his case,

ANTONIO MURRAY,
Petitioner, pro se

---

as evidenced by his Statement of Facts, and supported by his Legal Arguments, presents an allegation of violation(s) of his constitutional rights, as set forth in the Morrissey decision; and the proof is sufficient to warrant relief in the form of discharge from the unlawful custody of the U.S.P.C. and the Attorney General.

"On a petition for a writ of Habeas Corpus, the Court does not review the merits of the Board's decision, but only "whether the petitioner has been deprived of his legal rights by the manner in which the revocation hearing was conducted," in order to determine whether there has been an abuse of discretion." Bennett v. Ridley, 633 A.d. 824 (D.C. 1993).

In at least two (2) Federal cases parole warrants have been invalidated because of an unreasonable delay between issuance and execution. See United States v. Gernie, 228 F. Supp. 329 (1964), and United States v. Ragen, 59 F. Supp. 374 (1945).

"When the parolee is prejudiced by the Board's failure to hold a prompt hearing, the parolee is entitled to an order of unconditional release." Shelton v. U.S. Board of Parole, 388 F.2d 567, (C.A.D.C. 1967), quoting Boswell v. U.S. Board of Parole, infra.

"Wholly different problems are raised where the violator [petitioner] is in custody solely pursuant to a warrant, and awaiting a hearing on the fact of the violation. In such cases, Habeas Corpus has been held to lie to compel a prompt hearing irrespective of any showing of prejudice accruing from the delay." (Buono, supra, at 535) Cf. Shelton, supra, no. 11 at 575.

"We think the issuance of a violator warrant triggers a process which, as a matter of fundamental fairness, must be pursued with reasonable diligence and with reasonable dispatch." (Shelton, supra, at 574) Cf. United States v. Gernie, supra, and People v. Winfrey, 20 NY2d 138, 228 N.E.2d 808 (1967). Petitioner avers that execution of a warrant almost 3 years

ANTONIO MURRAY                          ,
Petitioner, pro se

---

after its issuance is prejudicial, and that the U.S.P.C., while still having the custodial jurisdiction (supervision) on the parolee, has lost the right to revoke parole based on the alleged violation(s) giving rise to application for, and issuance of said warrant.

With respect to the petitioner's right to confront, and cross examine adverse witnesses, petitioner argues that he did not waive his right to confront adverse witnesses by failing to qualify for a local revocation hearing, as a result of the Dagget decision, involving convictions on new criminal conduct. "[But] the government cannot circumvent the Morrissey right to confront adverse witnesses by limiting the type of revocation hearing available to a parolee who admits some, but not all, parole violations." White v. White, 925 F2d 287, (C.A. 9th Cir. 1989) Petitioner further argues that so much time has lapsed since the alleged violation(s) that he may not be able to locate adverse witnesses; and that their testimony would be suspect due to facts and circumstances being forgotten, making their testimony during a cross examination unreliable, and possibly irrelevant. Petitioner also avers that the U.S.P.C., by delaying its execution of the warrant, precluded him from any benefits from concurrent running of his Federal and State sentences. Had a revocation hearing been conducted during his incarceration, all, or part of, his parole violation time would have been served. In the case Cleveland v. Ciccone, 517 F2d 1082 (8th Cir. 1975), the Court decided [held] that "a parolee's right to a prompt revocation hearing is not suspended by the fact that he is serving an intervening sentence." (Cleveland at 1089) Petitioner, like the petitioner [appellant] in Cleveland, could obtain outright release by showing "demonstrable prejudice severe enough to render the revocation hearing itself inadequate in terms of relief." Petitioner avers that he has shown such prejudice in his case.

ANTONIO MURRAY,
Petitioner, pro se

WHEREFORE petitioner respectfully requests that this Court issue a Writ of Habeas Corpus *ad subjiciendum*, commanding respondent(s) to produce the body of petitioner before this Honorable Court; so that Your Honor may further inquire into the lawfulness of respondent's custody of petitioner.

Petitioner offers the above Statement of Facts, Exhibits, and Memorandum of Legal Arguments in support thereof, in good faith. Petitioner avers that the decisions (cases) cited as Authority in his petition are binding upon this Court. In consideration of these decisions and their holdings, and any other such cases, as cited in petitioner's Motion for Writ; and this Court's authority to grant such Writ, petitioner prays that this court will grant him RELIEF in the form of release from unlawful custody; and further requests that this Court ORDER that petitioner be reinstated to his original parole term; and ESTOPP the United States Parole Commission (Respondent) from proceeding with a revocation hearing, at any time in the future, based upon charges contained in the violator warrant obtained for petitioner's retaking into custody. To allow such a proceeding [hearing] at this time, or in the future, under these circumstances, would be prejudicial to petitioner; and in violation of his constitutional rights; and further requests any other such relief he may be entitled to.

Dated and submitted this 28th day of October 2005.

I, ANTONIO MURRAY, Petitioner, pro se, under penalty of perjury and under oath, have read and subscribed to the above set forth

ANTONIO MURRAY,
Petitioner, pro se

petition, and the information therein is true and correct.

> *Antonio Murray*
ANTONIO MURRAY, pro se
DCDC # 276388
CCA-CTF
1901 E Street, SE
Washington, D.C. 20003

Subscribed and sworn to before me on this _____ day of _____, 2005.

> _____
        NOTARY

# CERTIFICATE of SERVICE

I, ANTONIO MURRAY, Petitioner, filing this Petition pro se, hereby certify that I have furnished true and correct copies of Petitioner's Petition for WRIT of HABEAS CORPUS Pursuant to Title 28 U.S.C. §2241 and §2243, via U.S. Mail, ("service") to all respondents named below, at their respective mailing addresses.

Dated and submitted this 28th day of October, 2005.

> _Antonio Murray_, pro se
ANTONIO MURRAY
DCDC # 276388
CCA-CTF
1901 E Street, SE
Washington, DC 20003

COPIES TO — United States Parole Commission
5550 Friendship Boulevard
Chevy Chase, MD 20815

ALBERTO R. GONZALEZ,
U.S. Attorney General
c/o U.S. Department of Justice
950 Pennsylvania Avenue, NW
Washington, DC 20530

FRED E. FIGUEROA,
Warden
CCA-CTF
1901 E Street, SE
Washington, DC 20003

_Phoenix C. Ishmon_  10/28/05
Phoenix C. Ishmon
Notary Public, District of Columbia
My Commission Expires 07-31-2006