# Memorandum

**Subject**
Warrant Execution Instructions Regarding:
Antonio, Murray
Reg. No. 00276-388
DCDC No. 276-388

**Date**
September 8, 2003

**To**

U.S. Marshal
District of Columbia - Superior Court
500 Indiana Avenue, N.W.
Room C-250
Washington, D.C. 20001

**From**

Casey Skvorc, Ph.D.
Hearing Examiner
U.S. Parole Commission

Enclosed are the Warrant Application and Warrant issued by the United States Parole Commission for the above-named parolee. Please notify the Parole Commission promptly of all developments concerning the disposition of this warrant.

**Please assume custody as soon as possible.**

If the parolee is already in the custody of federal, state, or local authorities, do not execute this warrant. Place a detainer and notify the Commission. Also, if a criminal arrest warrant has been issued for this parolee, execution of such criminal warrant shall take precedence. If after executing this warrant, it is determined that another arrest warrant for the parolee has been executed or was outstanding at the time this parole violator warrant was executed, the arresting officer may, within 72 hours of executing this warrant, release the parolee to the other arrest warrant and place the violator warrant as a detainer. The arresting officer shall promptly notify the Commission of this action.

If the prisoner is sentenced to a new federal, state or local term of imprisonment, place the warrant as a detainer and indicate the institution designated for service of sentence.

After execution of the Warrant, (1) give one copy of Warrant Application to the prisoner; (2) provide one copy of the Warrant Application to the Community Supervision Officer as soon as practical after taking custody; and (3) advise the Parole Commission and the Community Supervision Officer that the subject is in custody (noting the place of confinement and the date warrant was executed).

When prisoner is returned to the designated institution, leave one Warrant and one Warrant Application with the Warden.

**COMMUNITY SUPERVISION OFFICER:** Please keep the Commission advised of all further developments in this case. If there has been a conviction of an offense committed while under supervision for which a term of imprisonment is authorized by law (even if no term of imprisonment is imposed in this case), do not conduct a preliminary interview unless the Parole Commission specifically orders that one be conducted.

Enclosure

cc: Sharon Barnes-Durbin, SCSA

05 2220
**FILED**
NOV 14 2005
NANCY MAYER WHITTINGTON, CLERK
U.S. DISTRICT COURT

Murray, Antonio
Reg. No. 00276-388    DCDC No. 276-388

JUN 21 2005 10:55 FR 202 ██ 8262      202 786 8262 ██ 912029538725        P.03/05

**U.S. DEPARTMENT OF JUSTICE**  
**UNITED STATES PAROLE COMMISSION**

**WARRANT APPLICATION**  
D.C. Code Offender

---

Name.............................. Murray, Antonio  
28156-016  
Reg. No........................... 00276-388  
DCDC No. ...................... 276-388  
FBI No............................ 525641EA8  
Birth Date ...................... 10/30/66  
Race ............................... B  

Date................................September 8, 2003  
Termination of Supervision......5/14/2004  
[If Conviction Offense Before April 11, 1987 And Offender Is On Mandatory Release, Termination Date Is 180 Days Prior To Full Term]  
Violation Date .......................5/16/2003  
Released.................................5/25/00  

Sentence Length.............2-6 years; 100 days consecutive  
Original Offense............ Distribution of Cocaine; Possession of Cocaine  

If you have been arrested on a violator warrant in the District of Columbia and you have not been convicted of a new offense, you shall be given a probable cause hearing within five days of your arrest and violator warrant. Probable cause hearings are normally scheduled on Tuesdays and Fridays at the Central Detention Facility. The purpose of the probable cause hearing is to determine if there is probable cause to believe that you have violated the conditions of your release, and if so, whether to release you or hold you for a revocation hearing. If no probable cause is found, you will be released and either reinstated to supervision, or discharged from further supervision if your sentence has expired.

At your probable cause hearing and any subsequent revocation hearing you will be apprised of the information supporting the violation charges. You may present documentary evidence and voluntary witnesses on your behalf. If you deny the charge(s) against you, you may request the presence of those persons who have given information upon which the charges are based. Such adverse witnesses will be made available for questioning unless good cause is found for their non-appearance.

You may be represented by an attorney or, if you are unable to pay for such representation, an attorney will be appointed for you if you fill out and promptly return a request for representation to the hearing examiner.

If, after a revocation hearing, you are found to have violated the conditions of your release the Commission may: (1) restore you to supervision, and, if appropriate, (a) reprimand you; (b) modify your conditions of supervision; or (c) refer you to a residential community treatment center for the remainder of your sentence; or (2) revoke your parole, mandatory release, or supervised release in which case the Commission will also decide when to consider you for further release.

If the Commission revokes your parole, mandatory release, or supervised release you will not receive credit toward service of your sentence for time spent on parole/mandatory release/supervised release.

**CHARGES:**  
**Charge No. 1 - Failure to Report to Community Supervision Officer as Directed.** On the following date, 5/16/2003, the subject failed to report to his Community Supervision Officer as directed. This charge is based on the information contained in the violation report dated 6/10/2003 from Community Supervision Officer J.Epps.  
I ADMIT [ ] or DENY [ ] this charge.

**Charge No. 2 - Failure to Report Change in Residence.** On 5/19/03, Community Supervision Officer learned that the subject had moved from his last reported residence in Baltimore, MD.. The subject has failed to advise his Community Supervision Officer of his current address and his whereabouts are

---

Murray, Antonio  
Reg. No. 00276-388   DCDC No. 276-388

unknown. This charge is based on the information contained in the violation report dated 6/10/03 from Community Supervision Officer J.Epps.
I ADMIT [ ] or DENY [ ] this charge.

Probable Cause Hearing Is Required

Warrant Recommended By:

Warrant Issued................... September 8, 2003

Casey Skvorc, Ph.D., Hearing Examiner
U.S. Parole Commission

Community Supervision Office Requesting Warrant: District of Columbia, 1 - Main

# WARRANT
## D.C. Code Offender

U.S. Department of Justice
United States Parole Commission

---

To the U.S. Marshal or Any Federal or District of Columbia Officer Authorized to Serve Criminal Process Within the United States:

WHEREAS, Antonio, Murray, Reg. No. 00276-388, DCDC No. 276-388, was sentenced by the Superior Court of the District of Columbia or the United States District Court to serve a sentence of 2-6 years; 100 days consecutive for the crime of Distribution of Cocaine; Possession of Cocaine and was on 5/25/00 released on parole from D.C. Court Services & Offender Supervision with 1450 days remaining;

AND, WHEREAS, reliable information has been presented to the undersigned Member of this Commission that said released prisoner named in this warrant has violated one or more conditions of his release;

NOW, THEREFORE, this is to command you by the authority of §§24-205, 24-131, and 24-133 of the District of Columbia Code, to execute this warrant by taking the above-named, wherever found in the United States, and hold him in your custody either until he is released by order of the Parole Commission, or until you are authorized to transport him for further custody.

WITNESS my hand and the seal on September 8, 2003

_____
U.S. Parole Commissioner

Murray, Antonio
Reg. No. 00276-388   DCDC No: 276-388

Reg
28756-016

PC
276-388

## UNITED STATES MARSHAL'S RETURN TO UNITED STATES PAROLE COMMISSION

NOTE: Do not execute this warrant if the subject is being held in custody on other federal, state or local charges, unless otherwise ordered by the Commission. (See instructions on accompanying memorandum.)

_____ District of __CA__ _____ ss:

Received this writ the __8__ day of __Sept__, 20__03__, and executed same by arresting the within-named __ANTONIO MURRAY__
this __21st__ day of __June__, 20__05__,
at __8 PM__ and committing him to __DC Jail__

George Walski
U.S. Marshal

_____
Deputy Marshal

Further executed same by committing him to _____
at _____ on _____, 20_____, the institution designated by the Attorney General, with the copy of the warrant and warrant application.

_____
U.S. Marshal

_____
Deputy Marshal

NOTE: The original of this warrant is to be returned to the U.S. Parole Commission, 5550 Friendship Boulevard, Chevy Chase, Maryland 20815.

**ACKNOWLEDGEMENT OF SERVICE:**

I have received a copy of the warrant application dated __Sept 8, 2003__

__Jun 21, 2005__

Antonio Murray
Prisoner's Signature                          Date

*(If prisoner refuses to sign, Marshal should so indicate.)*

08/26/2003 14:06 FAX                GSU XII TM-G                                            ☒002



# Court Services and Offender Supervision Agency
## For the District of Columbia
*Community Supervision Services*
*General Supervision Branch*

### REPORT OF ALLEGED VIOLATION(S)

JUNE 10, 2003

**TO:**        United States Parole Commission

**FROM:**   Mr. J. Epps           **Unit:**        Branch II-A
                   CSO                      **Telephone:** 202-442-1244

**Client:**     MURRAY, ANTONIO    **FBI #:** 525641EA8
**DCDC #:**  276-388                          **PDID #:** 496-582
                    06276 + 388

**Action Recommended:**   Issue Arrest Warrant

**Sentencing Information:**
Mr. Murray was sentenced on 04/24/1998, for Possession of drugs/ Distribution of drugs. He received a Sentence of 2 to 6yrs. He was paroled to Supervision on 5/25/00, with a full term date of 05/14/2004. He has a special condition of drug aftercare Imposed by USPC.

**Violations:**

**ALLEGATION #1-FAILED TO REPORT AS DIRECTED (1004)**
Mr. Murray failed to report as directed, This CSO went to the home of record on 5/16/03 and the Gentlemen residing in the basement apartment stated that this offender does not live there. A notice of appointment was left instructing this offender to be in the office on 5/19/03 at 10:30am, to no avail. Also several letters was sent to homes of record for this offender in order to get him into compliance. Attached supporting evidence is a field note. 2cts

**ALLEGATION # 2 failed to keep his CSO informed of his residence**
Mr. Murray failed to tell this CSO his change of residents. On 5/19/03 this CSO sent a letter to the home in Baltimore MD. Instructing him to be in the office on 5/28/03 at 10:00am, also a letter was sent to the address of record in DC instructing him to report to supervision to no avail. Supporting evidence in field notes and letter. 2cts

**ALLEGATION # 3 failed to report for narcotics surveillance**
Mr. Murray has not been seen or heard from by this officer since 4/10/01, he has not had any surveillance. Supporting evidence is field sheet dated 4/10/01.

*3850 South Capitol Street, S.E. Washington, D.C. 20032*
*Voice: (202) 585-7653   Fax: (202) 585-7661*

Court Services and Offender Supervision Agency                                Page 2

**Case Summary:**
Please direct your attention to rav dated 10/24/01 on this offender.
Mr. Murray last resided at 628-9th-Street, N.E., with a friend Mr. Willie Jones. He has lived at this address since his release on 5/25/00. This CSO went to the home of record on 5/16/03 and a resident of the basement apartment stated that he does not live at this address. Also on 5/19/03 certified letters was sent to the two addresses of record instructing this offender to be in the office on 5/28/03 to no avail. Mr. Murray employment status is unknown in that he was working at a temp agency, when he last reported to this office. In reference to his special condition of Drug Aftercare, the subject has not reported back to supervision to get a referral for treatment since 4/10/01.

**Recommendation:**
In view of the facts that this offender is in the Community without supervision, he has not been back in this office for drug surveillance since 4/10/01. This CSO is requesting a Warrant be issued.

Respectfully Submitted,

Signature: _James Epps_                                    6/10/03
            James E. Epps                                   Date
            CSO

Approved By:
Signature: _W. E. Leggett_                                 6/11/03
            Warren E. Leggett Jr.                           Date
            SCSO

409 E Street, NW Washington, D.C. 20002
Voice: (202) 508-1637  Fax: (202) 508-1889

# Memorandum



| | |
|---|---|
| **Subject** | **Date** |
| PAROLE CERTIFICATE | May 23, 2000 |
| MURRAY, Antonio | |
| REG No. 00276+388 | DCDC No. 276-388 |

RECEIVED JUN 1 3 2000

| To | From |
|---|---|
| Williette Copeland | Marc E. Bransky |
| Community Supervision Services | Case Analyst |
| D.C. Court Services & Offender Supervision Agency | U.S. Parole Commission |
| 300 Indiana Avenue, N.W. | |
| Suite 2134 | |
| Washington, 20004 | |

Attached is the Parole Certificate for the above-named. Please execute the Certificate, make a copy for the inmate, a copy for your file, and return the executed original to the Commission at the following address:

> 5550 Friendship Boulevard
> Suite 420
> Chevy Chase, MD   20815-7286

If you have any questions, please contact this office at (301) 492-5821. Thank you for your continued cooperation.

Attachment

trw

**U.S. Department of Justice**
**United States Parole Commission**

# CERTIFICATE OF PAROLE
## District of Columbia Offender

Know All Men By These Presents:

It having been made to appear to the United States Parole Commission that **MURRAY, Antonion, REG No. 00276+388**, (DCDC No. 276-388), is eligible to be paroled, and that there is a reasonable probability that the prisoner will live and remain at liberty without violating the law, and that his release is not incompatible with the welfare of society, it is ORDERED by the said United States Parole Commission that said prisoner be paroled on **May 16, 2000**, and that said prisoner is to remain within the limits of the Washington, D.C. Metropolitan Area (including the District of Columbia; Prince Georges and Montgomery Counties of Maryland; Arlington and Fairfax Counties of Virginia, including the cities of Alexandria, Fairfax, and Falls Church, Virginia) to and including **May 14, 2004.**

Given under the hands and the seal of the United States Parole Commission on **May 23, 2000.**

UNITED STATES PAROLE COMMISSION

By: Marc E. Bransky, Case Analyst

Docket/Case Number: F890-98B/D

**Acknowledgement of Release Conditions:**
I have read, or had read to me, the conditions of release printed on the attached Conditions of Release form and received a copy thereof. I fully understand them and know that if I violate any, I may be recommitted.

**Consent to the Disclosure of Drug/Alcohol Treatment Information:**
By signing this Parole Certificate, I consent to the unrestricted communication between any treatment facility administering a drug or alcoholic treatment program in which I am, or will be participating, and the Parole Supervision Services Division of the District of Columbia Board of Parole. I further consent to the disclosure by such facility to the Parole Supervision Services Division of any information requested, and the redisclosure of such information to any agencies that require it for the performance of their official duties. This consent shall be irrevocable until the termination of parole supervision.

_Antonio Murray_                                            276-388
Name                                                         DCDC No.

Witnessed: _____, CSO                May 25, 2000
Name and Title                                               Date

The above-named person was released on the 25th day of May, 20___ with a total of _____ days remaining to be served.

Official Certifying Release




**Court Services and Offender Supervision Agency
for the District of Columbia**
*Transitional Intervention for Parole Supervision – TIPS Unit*

# REPORTING INSTRUCTION SHEET

NAME: Murray, Antonio          DCDC#: ~~246-388~~  276-388

REPORT IMMEDIATELY FOLLOWING RELEASE TO:

301 "C" STREET, N.W. 2ND FLOOR, WASHINGTON, D.C. ROOM _____

YOUR HOME WILL BE: 11 50th Street SE, Apt. #103, Wash., DC 20019   PSA 605

YOUR EMPLOYER WILL BE: Hard Rock Café, 999 E Street NW, Wash., DC 20004

YOUR PAROLE OFFICER WILL BE Smith   Location: 1418 Good Hope Road, SE, Wash., DC

## *THIS INSTRUCTION SHEET IS TO BE GIVEN TO THE PAROLEE UPON RELEASE*

300 Indiana Avenue Northwest, Suite 2010, Washington, DC 20001
Telephone: (202) 585-7319 FAX: (202) 585-7363