UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | | |
|---|---|---|
| ANTONIO MURRAY, | : | |
| Petitioner | : | Civil Action No. 05-2220 (HHK) |
| | : | |
| v. | : | |
| | : | |
| U.S. PAROLE COMMISSION et al. | : | |
| Respondents | : | |

### FEDERAL RESPONDENTS' OPPOSITION TO PETITIONER'S
### PETITION FOR A WRIT OF HABEAS CORPUS

The federal respondents, by and through their attorney, the United States Attorney for the District of Columbia, hereby respectfully file their opposition to the petitioner's petition for a writ of habeas corpus. In support of his petition, the petitioner claims that he should be released because the U.S. Parole Commission has not provided a parole revocation hearing in a timely manner and because he will not be able to confront any adverse witnesses at the hearing. Because the petitioner has not shown any prejudice from the delay in his revocation hearing, which has been scheduled for January 30, 2006, and because the petitioner did not request the presence of any adverse witnesses or a local revocation hearing and is not entitled to a local revocation hearing, the petitioner's petition for a writ of habeas corpus should be summarily denied.

### PROCEDURAL HISTORY

The petitioner, Antonio Murray, was convicted in the D.C. Superior Court Case No. F 890-98, and sentenced on April 24, 1998, to a term of two to six years of imprisonment for distribution of cocaine and a consecutive term of 100 days of imprisonment for possession of cocaine. See Exhibit A-1 (Judgment and Commitment Order) and Exhibit A-2 (Replicated Criminal Information System). The petitioner was paroled on these sentences on May 16, 2000, and was to

remain under parole supervision until May 14, 2004, the full term date of his sentence. See Exhibit B (Certificate Of Parole).

On October 24, 2001, the petitioner's community supervision officer (CSO) requested that the U.S. Parole Commission ("the Commission") issue a warrant for the petitioner's arrest based on charges that he used illegal drugs and that he failed to report for supervision as directed. See Exhibit C (Report of Alleged Violation(s)). The Commission denied the request for a warrant and determined that the CSO should make a diligent effort to contact the petitioner by visiting his residence in person and by having the petitioner enroll in drug treatment. See Exhibit D (Letter dated 11/26/01). The Commission advised that, if petitioner continued to violate the conditions of his release, the CSO should promptly request a warrant. Id.

On June 10, 2003, the petitioner's CSO advised the Commission that he had visited the petitioner's residence on May 16, 2003 and the petitioner was not living at that location. The CSO reported that the petitioner had not been in contact with the office since April 2001. See Exhibit E (Report of Alleged Violation(s)). The Commission issued a warrant on September 8, 2003, charging petitioner with the following: 1) failure to report to CSO as directed; and 2) failure to report change in residence.  See Exhibit F-1 (Warrant), Exhibit F-2 (Warrant Execution Instructions), and Exhibit F-3 (Warrant Application).

On June 21, 2005, the Commission was notified by the U.S. Marshals Service that the petitioner had been arrested on the Commission's warrant. See Exhibit G (Notification by U.S. Marshals Service). The petitioner received a probable cause hearing on June 24, 2005. See Exhibit H-1 (D.C. Probable Cause Hearing Digest). The petitioner, who was represented by counsel, admitted to both of the parole violation charges. Id. at p. 2. The petitioner requested that, if he was

not released, an institutional revocation hearing be conducted despite being advised that he could not request the presence of adverse witnesses at an institutional revocation hearing. See Exhibit H-2 at p. 2 (Procedural Rights). The petitioner did not request a local hearing or the presence of any witnesses. Id. at p. 3. The hearing examiner found probable cause on both charges and recommended that petitioner be scheduled for an institutional hearing upon his transfer to a federal institution. See Exhibit H-1 at p. 5.

Subsequently, the Commission learned that the petitioner had incurred numerous new arrests in Baltimore, Maryland and, by letter dated September 22, 2005, requested that the U.S. Probation Office obtain additional information regarding the offenses. See Exhibit I (Letter dated 9/22/05). On September 26, 2005, the U.S. Probation Office for the District of Maryland responded to the Commission's request and advised the Commission that the petitioner had sustained a conviction on January 11, 2002, for unlawful manufacture and distribution of a controlled substance and conspiracy. See Exhibit J (letter dated 9/26/05). The petitioner was sentenced to a term of five years of imprisonment, four years of which were suspended, followed by three years of probation. His probation was revoked on January 12, 2005 and he was sentenced to two years of imprisonment. Id. Further, the petitioner was convicted on October 7, 2004, of unlawful manufacture and distribution of a controlled substance and he was sentenced to a term of seven years of imprisonment, five years of which were suspended, followed by three years of probation. Id. at p. 2. On September 30, 2005, the U.S. Probation Office provided the Commission with documents of petitioner's new convictions. See Exhibit K (Letter dated 9/30/05).

On January 4, 2006, the Commission supplemented the parole violator warrant with the following additional charges and convictions: 3) law violation - a) distribution of crack; b)

conspiracy to distribute (crack) cocaine; and 4) law violation - distribution of heroin. See Exhibit L (Supplement). By letter dated January 5, 2006, the Commission advised the petitioner's attorney of the additional charges that would be considered at the petitioner's revocation hearing. See Exhibit M (Letter dated 1/5/06). The petitioner's institutional revocation hearing has been scheduled for January 30, 2006.  See Exhibit N (Email To Petitioner's Counsel on 1/5/06).

## ARGUMENT

The petitioner contends that a timely revocation hearing has not been held in his case and he seeks his immediate release. He also complains that the type of hearing (institutional) that has been scheduled in his case is not a local hearing in which he can confront adverse witnesses.[1]

The petitioner claims that he should be released because the U.S. Parole Commission  has violated his due process rights by not conducting a  parole revocation hearing within the time requirements established by the Commission's regulations. The petitioner has received his probable cause hearing and was notified that the U.S. Parole Commission found probable cause to believe that he violated the conditions of parole. Although the petitioner did not receive his

---

[1] The Court has subject matter and personal jurisdiction over this matter because the petitioner was confined at the District of Columbia Correctional Treatment Facility at the time he filed his petition. However, the only proper respondent is Warden Fred Figueroa. The U.S. Parole Commission ("the Commission") and the Attorney General are not the "person having custody of the person detained," as required by 28 U.S.C. § 2243, and the Court should therefore dismiss the Commission and the Attorney General as a party. See Blair-Bey v. Quick, 151 F.3d 1036, 1039 (D.C. Cir. 1998) ("When a prisoner seeks to challenge parole-related decisions, the warden of the prison and not the U.S. Parole Commission is the prisoner's 'custodian.'"); Guerra v. Meese, 786 F.2d 414, 416 (D.C. Cir. 1986) (holding that "for purposes of challenging a Parole Commission action on the sentence a prisoner is currently serving in a federal penal facility, the warden of that facility is the prisoner's custodian within the meaning of 28 U.S.C. §§ 2241-2243") (citations omitted); Rumsfeld v. Padilla, 124 S.Ct. 2711, 2718 (2004) ("longstanding practice confirms that in habeas challenges to present physical confinement – 'core challenges' – the default rule is that the proper respondent is the warden of the facility where the prisoner is being held, not the Attorney General or some other remote supervisory official") (citations omitted).

revocation hearing with the Commission in a timely manner, the Commission has scheduled him for a revocation hearing to take place on January 30, 2006, and therefore, the petition will shortly become moot.[2]  In any event, the petitioner has not and cannot demonstrate any prejudice as a result of the delay.

The law is well established that the remedy for a delayed parole revocation hearing is for the U.S. Parole Commission to conduct a hearing. See Sutherland v. McCall, 709 F.2d 730, 732 (D.C. Cir. 1983) (remedy is to compel a hearing, not to compel release on parole or extinguish remainder of sentence); Jones v. U.S. Bureau of Prisons, 903 F.2d 1178, 1185 (8th Cir. 1990) ("[T]he only remedy available when the Commission fails to hold a timely hearing is . . .to require the Commission to give the petitioner a fair hearing"); Bryant v. Grinner, 563 F.2d 871, 872 (7th Cir. 1977) (proper remedy is to compel a decision by the Commission, not to release the prisoner from custody); Lantion v. U.S. Parole Comm'n., 2005 WL 758270, *1 (D.D.C. April 1, 2005) ("if a parole revocation hearing is untimely, the available remedy is a writ of mandamus directing the Parole Commission to conduct a hearing").

The alleged parole violator is entitled to release on a writ of habeas corpus only if he can meet his burden of establishing "actual prejudice" arising from an unreasonable delay, i.e., that the delay "prejudiced his defense at the revocation hearing." See Sutherland v. McCall, supra, 709 F.2d at 733 (petitioner failed to show that thirty-three month delay prejudiced his defense); Farmer v. U.S. Parole Comm'n., 2005 WL 354007, *1 (D.D.C. Feb. 14, 2005) (petitioner must

---

[2] The U.S. Parole Commission acknowledges that, due to an administrative error, the petitioner has not received a revocation hearing within the time frame contemplated by the U.S. Parole Commission's regulations at 28 C.F.R. § 2.102(f) (institutional revocation hearing to be conducted within 90 days of the retaking of the parolee on the violation warrant).

demonstrate that delay was unreasonable and prejudicial); Crum v. U.S. Parole Comm'n., 814 F.Supp. 1, 3 (D.D.C. 1993) (same). Delay, standing alone, does not entitle the petitioner to release from prison. Rather, the prejudice that the petitioner must demonstrate refers to prejudice suffered by an alleged parole violator in preparing or presenting his defense to the revocation charges due to the loss of witnesses or evidence as a result of the delay. The petitioner has not established that the delay has caused him any prejudice; he has not proven that his ability to defend himself against the parole violation charges has been substantially impaired and therefore has not established prejudice sufficient to entitle him to habeas relief. See Villarreal v. U.S. Parole Comm'n., 985 F.2d 835, 837 ( 5th Cir. 1993) (parolee must show actual prejudice was caused by unreasonable delay); Cortinas v. U.S. Parole Comm'n., 938 F.2d 43, 45 (5th Cir. 1991) (habeas petition denied where the petitioner failed to assert his ability to present facts or contest the violation was affected by the delay); Gaddy v. Michael, 519 F.2d 669, 673 (4th Cir. 1975) (mere lapse of time or delay, without more, does not violate the due process of a parolee); Northington v. U.S. Parole Comm'n., 587 F.2d 2, 3 (6th Cir. 1978) (parolee must demonstrate prejudice that is "severe enough to render the revocation hearing inadequate in terms of relief").

Furthermore, because the revocation charges are based upon the petitioner's admissions to the administrative violations and upon two recent convictions, such a showing of prejudice is not possible. A parole revocation hearing is not a forum in which convictions can be relitigated. See Morrissey v. Brewer, 408 U.S. 471, 490 (1972)("Obviously a parolee cannot relitigate issues determined against him in other forums, as in the situation presented when the revocation is based on conviction of another crime."); Frick v. Quinlin, 631 F.2d 37, 39 (5th Cir. 1980) (parolee cannot collaterally attack conviction upon which his revocation is based). Because the petitioner

has not demonstrated the requisite prejudice and because his revocation hearing, at which he will be represented by counsel, will be held on January 30, 2006, his petition must be summarily denied.[3]

Because the petitioner is scheduled for an institutional revocation hearing (at which he may not seek compulsory attendance of any adverse witnesses for cross-examination) and not a local revocation hearing (at which adverse witnesses may be requested by the alleged violator), he complains that he is being denied the right to confront witnesses. However, the petitioner is not entitled to a local revocation hearing at which he could request the Commission to compel the attendance of adverse witnesses. Following the petitioner's arrest, the Commission promptly conducted a probable cause hearing at which the petitioner admitted to the administrative violation charges and requested an institutional revocation hearing. See Exhibit H-1 at p. 2. Despite being advised he would be able to request the appearance of adverse witnesses at a local revocation hearing but not at an institutional hearing, the petitioner requested an institutional hearing. See Exhibit H-2 at p. 3.[4] In addition, since the petitioner admitted to all of the administrative parole violation charges and has been convicted of two new criminal charges while

---

[3]The petitioner also appears to argue that the parole violator warrant should have been executed while he was serving his sentences in Maryland. The petitioner's argument is without merit. Due process does not require the execution of a parole violator warrant while the parolee is serving a prison term for an offense committed while on parole. See Moody v. Daggett, 429 U.S. 78, 89 (1976); Wells v. United States, 802 A.2d 352, 354 (D.C. 2002).

[4]The petitioner is now indicating in his petition that he wants the appearance of his prior CSO at his hearing to address the administrative violations even though he has admitted them. Additionally, it should be noted that, since the petitioner filed the instant petition, the Commission has added the two additional parole charges encompassing his two recent felony drug convictions in Maryland.

on parole, he has no entitlement to a local revocation hearing.  See 28 C.F.R. § 2.102(d)(1)(ii).[5]

In sum, the petitioner is scheduled for a parole revocation hearing on January 30, 2006. He will receive a full and fair opportunity to address the administrative charges he has admitted and to raise any mitigating factors concerning his new drug convictions that he sustained while he was on parole.

## CONCLUSION

For the foregoing reasons, the petitioner's application for a writ of habeas corpus should be summarily denied.

A proposed Order is attached.

---

[5] 28 C.F.R. § 2.102(d)(1)(ii) states that a parolee shall be given an institutional revocation hearing if the parolee "admits (or has been convicted of) one or more of the violations without contesting any unadjudicated charge that may be determinative of the Commission's decision regarding revocation and/or reparole." In the instant case, the petitioner has admitted both of his administrative charges and has been convicted of both of his law violations.

        Respectfully submitted,

        KENNETH L. WAINSTEIN
        United States Attorney
        D.C. Bar Number 451-058

        _____

        ROBERT D. OKUN
        Assistant United States Attorney
        Chief, Special Proceedings Section
        D.C. Bar Number 457-078

        _____

        SHERRI L. BERTHRONG
        Assistant United States Attorney
        Special Proceedings Section
        D.C. Bar No. 249-136
        Sherri.Berthrong@usdoj.gov
        555 4th Street, N.W., Room 10-450
        Washington, D.C. 20530
        (202) 514-6948

## CERTIFICATE OF SERVICE

     I HEREBY CERTIFY that a copy of the Federal Respondents' Opposition has been electronically filed with the Court and served by mail upon the petitioner, Antonio Murray, DCDC #276-388, District of Columbia Correctional Treatment Facility, 1901 E. Street, S.E. Washington, D.C. 20003, this 12th day of January, 2006.

        _____
        Sherri L. Berthrong
        Assistant United States Attorney