# **EXHIBIT H-2**

U.S. DEPARTMENT OF JUSTICE
United States Parole Commission
Chevy Chase, MD 20815

Probable Cause and Revocat[ion]
Hearing Form for D.C. Code Parolees or Relea[sees]
Arrested in the District of Colum[bia]

# PART ONE

*Instructions:* This part is to be completed at the initial visit of the hearing examiner follow[ing] the arrest of an alleged parole, mandatory release, or supervised release violator within [the] District of Columbia on a warrant issued by the United States Parole Commission. T[he] following explanation of the Commission's procedure and the alleged violator's legal rig[hts] must be read and acknowledged by the parolee or releasee, and a copy provided to him.

## Notice of Procedural Rights – Probable Cause Hearing

As an alleged parole, mandatory release, or supervised release violator who has not be[en] convicted of a criminal offense committed while under supervision, you shall be given [a] probable cause hearing within five days of your arrest on a violator warrant. The purpose [of] the hearing is to determine whether probable cause exists for the charged violations. At th[e] hearing, each charge on the warrant application will be read to you, and you will be apprise[d] of the information supporting those charges. You will be asked to admit or deny each char[ge] and you may explain or clarify your admission or denial to the hearing examiner.

You may be represented at your probable cause hearing by an attorney. If you cannot pa[y] for the services of an attorney and desire legal assistance, you may request the D.C. Publ[ic] Defender Service to assign an attorney to represent you at your probable cause hearing. T[he] hearing examiner will furnish you with a request form, and will send it to the Publ[ic] Defender Service. If you waive representation by an attorney at your probable cau[se] hearing, you may, at the conclusion of the hearing or no later than 15 days prior to [the] revocation hearing, complete the form to request assignment of an attorney by the Publ[ic] Defender Service.

You may present the testimony of voluntary witnesses and documentary evidence in defen[se] of the charges against you. If you deny violating the conditions of release and have not bee[n] convicted of a crime while on release, you may request the presence of adverse witnesses, i.e. those persons who have given evidence that you violated your conditions of release, an[d] question those witnesses at the hearing, unless good cause is found to deny the appearance [of] such witnesses.

At the conclusion of the hearing, the examiner will determine whether probable cause exis[ts] for the charge(s). If no probable cause is found for all charges, the examiner will order you[r] release from custody on the violator warrant. If probable cause is found for any charge, yo[u] will remain in custody and the examiner will set the date for a local revocation hearing if yo[u] qualify for such a hearing (as opposed to a revocation hearing at a federal institution[).] Notwithstanding a finding of probable cause, the hearing examiner may recommend yo[ur] release pending a revocation hearing or recommend your release because revocati[on] proceedings should be terminated. In such cases, a Parole Commissioner will make [the] decision on your continued incarceration.

*OPPORTUNITY TO REQUEST POSTPONEMENT OF PROBABLE CAUSE HEARIN[G]*
The probable cause hearing will be held at this time unless you request postponement of t[he] hearing in order to request representation by an attorney and/or the appearance of a witnes[s]. If you desire the presence of a voluntary witness at the probable cause hearing (or

H-2

equent revocation hearing), you are responsible for the attendance of the witness. appropriate time and place. When a hearing is postponed to obtain witnesse Commission usually orders a combined probable cause and local revocation hearing.

I have read (*or had read to me*) the above explanation of the Commission's pr cause procedure, and I fully understand my legal rights under that procedure. ( *one of the choices below:*)

X (A) (A M) I WISH TO PROCEED WITH MY PROBABLE CAUSE HEARING AT TIME.

(B) (   ) I REQUEST A POSTPONEMENT OF MY PROBABLE CAUSE HEARI ORDER TO OBTAIN AN ATTORNEY AND/OR WITNESS(ES).

X *Antonio Murray*                                         6/24/05

(Signature of Parolee or Releasee)                          (Date)

## PART TWO

*Instructions:* This part is to be completed at the conclusion of the probable cause he The explanation below must be read and acknowledged by the alleged violator, and a provided to him.

### Notice of Procedural Rights — Revocation Hearing

**OPPORTUNITY TO REQUEST A LOCAL OR INSTITUTIONAL REVOCATION HEAI**
The Commission will order an institutional revocation hearing unless you reques completing this form, a local revocation hearing. An institutional revocation hearing m held in the District of Columbia or in any federal prison to which you are transl following the finding of probable cause. The Commission will grant a request for a revocation hearing if both of the following conditions are met: (a) you were not convic an offense while under supervision, and (b) you deny all of the charges against you. In cases, the Commission will only order a local revocation hearing if it finds good cause so.

In support of any request for a local revocation hearing, you should indicate any wit you plan to present at the revocation hearing and any adverse witnesses you wish to a Such adverse witnesses will be presented unless good cause is found to deny your requ their appearance. In addition, you may, prior to a local revocation hearing, request th Commission require the attendance under subpoena of favorable witnesses who have n to appear voluntarily. Such request will be granted provided you are able to show th appearance of such favorable witnesses is necessary to the proper disposition of your and that their testimony cannot be obtained by other means. If the Commission ord institutional revocation hearing, this will not alter your right to be represented I attorney, or to present voluntary witnesses or documentary evidence. Howeve Commission will not request the presence of adverse or other witnesses at an institu revocation hearing.

If the Commission orders a local revocation hearing, such hearing will be held with[in] days of the probable cause finding. If the Commission orders an institutional rev[ocation] hearing, such hearing will be held within ninety days of the date you were retaken [on the] Commission's warrant. If you request postponements of revocation proceedings [or] actions which delay such proceedings, these time limits may be extended.

*Initial one of the alternatives below:*

X (A M) I REQUEST AN INSTITUTIONAL REVOCATION HEARING IF I AM [NOT] ORDERED RELEASED BY THE COMMISSION. I UNDERSTAND THAT [I WILL] BE TRANSFERRED TO A FEDERAL PRISON IF AN INSTITUTI[ONAL] REVOCATION HEARING IS ORDERED.

(   ) I REQUEST A LOCAL REVOCATION HEARING IF I AM NOT ORD[ERED] RELEASED BY THE COMMISSION. MY REASONS FOR REQUESTING A L[OCAL] HEARING ARE AS FOLLOWS:

X _Antonio Murray_            _Paul M. A. Howard_
(Signature of Parolee or Releasee)            (Signature of Hearing Exa[miner])

6/24/05            6/24/05
(Date)            (Date)