UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

|  |  |  |
|---|---|---|
| ANTONIO MURRAY, | ) ) ) | |
| Petitioner, | ) ) | |
| v. | ) ) | Civil Action No.  05-2220 (HHK) |
| U.S. PAROLE COMMISSION, et al., | ) ) ) | |
| Respondents. | ) ) | |

## MEMORANDUM OPINION

Petitioner, proceeding *pro se*, is a District of Columbia Code offender currently incarcerated at the District of Columbia Correctional Treatment Facility ("D.C. Jail") pursuant to an order of the United States Parole Commission ("Parole Commission").  By this action he seeks a writ of habeas corpus pursuant to 28 U.S.C. § 2241 alleging that the Parole Commission has denied him a timely parole revocation hearing and the right to confront adverse witnesses. Petitioner seeks his release from custody and an order that would prevent the Parole Commission from proceeding with a parole revocation proceeding at any time in the future on his pending parole revocation charges.  Upon consideration of the petition, the opposition thereto, and the record of this case, the court concludes that the petition should be denied.

BACKGROUND

On April 24, 1998, in the Superior Court of the District of Columbia, petitioner was sentenced to a term of two to six years imprisonment for distribution of cocaine and a consecutive term of 100 days for possession of cocaine.  Federal Respondents' Opposition to

Petitioner's Petition for Writ of Habeas Corpus ("Resp'ts' Opp'n"), Exhibit ("Ex.") A-2. The Parole Commission granted parole to petitioner on May 16, 2000, and ordered that he remain under parole supervision until May 14, 2004. *Id.*, Ex. B. Based on a report from petitioner's Community Supervision Officer ("CSO"), on September 8, 2003, the Parole Commission issued a violator warrant against petitioner that charged him with failing to report to the CSO as directed and failing to report a change in residence. *Id.*, Ex. E, F-1, F-3.

Petitioner was arrested pursuant to the Parole Commission's warrant on June 21, 2005. *Id.*, Ex. G. The Parole Commission held a probable cause hearing at the D.C. Jail on June 24, 2005. *Id.*, Ex. H-1. Petitioner was represented by counsel at the hearing. *Id.* Based on petitioner's admissions to the parole violations, the hearing examiner found probable cause to support the charges and recommended that petitioner be scheduled for an institutional revocation hearing upon his transfer to a federal institution. *Id.*

On September 26, 2005, the Parole Commission received information from the United States Probation Office in Baltimore, Maryland that petitioner had been convicted in the Circuit Court, Baltimore City, Maryland of manufacture and distribution of crack cocaine and conspiracy to distribute crack cocaine, crimes committed while petitioner was on parole. *Id.*, Ex. J, K. In addition, on October 7, 2004, in the Circuit Court, Baltimore City, Maryland, petitioner was convicted of distribution of heroin. Again, a crime committed while on parole. *Id.* On January 4, 2006, based on this information, the Parole Commission supplemented petitioner's parole violations warrant with the two convictions. *Id.*, Ex. L. The Parole Commission has scheduled petitioner's revocation hearing for January 30, 2006. *Id.*, Ex. N.

DISCUSSION

Petitioner contends that the Parole Commission's delay in holding his revocation hearing violates his right to due process.  A parolee has the right to a revocation hearing within a reasonable time after the parolee is taken into custody.  *Morrissey v . Brewer*, 408 U.S. 471, 488 (1972); *Ellis v. District of Columbia*, 84 F.3d 1413, 1421 (D.C. Cir. 1996).  Whether a delay violates due process depends on the length of and reasons for the delay.  *Ellis*, 84 F.3d at 1421. Delays of between 195 days and 33 months have been found to be unreasonable.  *See Pate v. United States*, 277 F.Supp.2d 1, 5-6 (D.D.C. 2003)(discussing cases).

In this case, petitioner was arrested for the parole violations on June 21, 2005.  *See* Resp'ts' Opp'n, Ex. G.  The revocation hearing is scheduled for January 30, 2006.  Hence, petitioner will have been in custody over six months before he will be afforded a revocation hearing.  This delay probably is unreasonable.  But even assuming that the delay was excessive, to obtain habeas relief, petitioner must show that prejudice resulted from the delay.  *See Sutherland v. McCall*, 709 F.2d 730, 732 (D.C. Cir. 1983); *Allston v. Gaines*, 158 F.Supp.2d 76, 81 (D.D.C. 2001); *Crum v. U.S. Parole Comm'n*, 814 F.Supp. 1, 3 (D.D.C. 1993).  It is undisputed that petitioner has violated his parole.  At the probable cause hearing the hearing found petitioner was in violation of his parole based on petitioner's own admissions.  Petitioner has also been convicted of criminal offenses while on parole.  Petitioner therefore has not demonstrated the he has been prejudiced.  Furthermore, the remedy for a delayed revocation hearing is for a Court to compel that the hearing be held.  *See Sutherland*, 709 F.2d at 732.  The Parole Commission has set a hearing for later this month. There is no cause, therefore, for this court to issue an order to compel the Commission to hold a hearing.

Petitioner also alleges that by scheduling an institutional revocation hearing rather than a local one, the Parole Commission is denying him the right to confront adverse witnesses. To comply with the minimum requirements of due process, a parole revocation requires (1) written notice of the claimed violations; (2) disclosure to the parolee of the evidence against him; (3) the opportunity to be heard in person and present witnesses and documentary evidence; (4) the right to confront and cross-examine adverse witnesses; (5) a neutral and detached hearing body; and (6) a written statement by the factfinders as to the evidence relied on and the reasons for revoking parole. *Morrissey*, 408 U.S. at 489.

Parole revocation is not akin to a criminal prosecution. *Id.* "It is a narrow inquiry; the process should be flexible enough to consider evidence including letters, affidavits, and other material that would not be admissible in an adversary criminal trial." *Id.* Thus, the standard of proof in a parole revocation proceeding is preponderance of the evidence. *Allston*, 158 F.Supp.2d at 80. Only if the parole board's decision was totally lacking in evidentiary support or so irrational as to be fundamentally unfair, would parole revocation deny due process. *Duckett v. Quick*, 282 F.3d 844, 847 (D.C. Cir.), *cert. denied*, 537 U.S. 863 (2002).

Petitioner's argument is without merit for several reasons. First, petitioner, represented by counsel, was advised by the hearing examiner at the probable cause hearing that if petitioner requested an institutional revocation hearing, he would not be entitled to confront adverse witnesses. *See* Resp'ts' Opp'n, Ex. H-2. Nevertheless, petitioner chose to have an institutional hearing. *See id.* Moreover, the right to cross-examine adverse witnesses is not absolute. *Cole v. Harrison*, 271 F.Supp. 2d 51, 53 n.1 (D.D.C. 2002). The right of confrontation at parole

4

revocation hearings can be waived. *Duckett*, 282 F.3d at 847. It is the petitioner's burden to establish that he did not waive the right to cross-examine adverse witnesses. *Id.* at 848; *Cole*, 271 F.Supp. 2d at 53.

Petitioner admitted the administrative violations at his probable cause hearing. The remaining violation charges are based on petitioner's convictions in Maryland. Under such circumstances, he is not entitled to a local revocation hearing. *See* 28 C.F.R. § 2.102(d)(1)(ii). Because petitioner has waived his confrontation right, the Parole Commission's scheduling of an institutional revocation hearing does not deny petitioner due process.

## CONCLUSION

For the aforementioned reasons, petitioner's petition for writ of habeas corpus will be denied. A separate Order accompanies this Memorandum Opinion.

                                                      Henry H. Kennedy, Jr.
                                                      United States District Judge

Dated: January 27, 2006